UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
JOY SNEED                           :
                                    :
                    Plaintiff,      :    10 Civ. 299 (WHP)
                                    :
          -against-                 :    MEMORANDUM & ORDER
                                    :
CITY OF N.Y. DEPT. OF PARKS AND     :
RECREATION, HUMAN RESOURCES         :
ADMINISTRATION, AND JTP WORKERS,    :
                                    :
                    Defendants.     :
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/30/11

WILLIAM H. PAULEY III, District Judge:

    Plaintiff pro se Joy Sneed brings this employment discrimination action against the Defendants City of New York Department of Parks and Recreation ("Parks Department"), Human Resources Administration ("HRA"), and the JTP Workers (collectively, "Defendants") for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"). Defendants now move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for failure to state a claim on which relief may be granted. For the following reasons, Defendants motion is granted.

BACKGROUND

    Sneed is a former participant in Parks Department's Parks Opportunity Program ("POP"). (See Defendants Answer, dated Oct. 18, 2010 ("Answer") Ex. G at 1.) POP is a temporary welfare-to-work training program subsidized by the HRA and designed to provide welfare recipients with training, work experience, and job-search counseling while they seek permanent employment. (Answer Ex. G.) The POP training lasts six months. (Answer Ex. G.)

After the six months, any unemployed participant may receive an additional three months of training, if recommended by a POP counselor. (Answer Ex. G at 3-4.)

Sneed enrolled in POP on or about September 21, 2007. (Answer Ex. G at 1.) She did not receive a recommendation for POP Phase II, and thus her participation in the program ended after the initial six month period. (Answer Ex. G at 38.) On April 28, 2008, Sneed filed a complaint with the New York State Division of Human Rights ("NYSDHR") alleging that the Parks Department violated the New York State Human Rights Law and the ADA by discriminating against her because of an alleged disability. (Answer Ex. F.) On September 8, 2009, the EEOC dismissed the complaint and provided Sneed with a "right to sue" letter. (Answer Exs. I, H.) Sneed commenced this action on January 14, 2010 by filing a form Complaint of Employment Discrimination.

Because the complaint was facially deficient, this Court gave Sneed leave to file an amended complaint. Sneed filed her Amended Complaint on September 10, 2010 ("Amended Complaint"). Instead of providing a full pleading, Sneed's Amended Complaint consisted of another form complaint with few additional allegations. Rather than paraphrase her allegations, this Court provides the following unvarnished recital:

> The discriminatory conduct of which I complain in the action includes: Failure to hire me – all other JTP workers were hired except me; Termination of my employment – I was terminated along with Shelly Sockwell; Failure to accommodate my disability – Refuse to accept my Dr's note, to allow employment to last longer; Unequal terms and conditions of my employment. I was denied equal terms to possess a NY Security License – employer refuse to acknowledge.
>
> Defendants discriminated against me based on my disability or perceived disability, Knee Pain/Neck Pain/Lung Problems. During my illness from work employer cause me unnecessary hardship.
>
> I was transfer and harass by employer. I was promised future employment and denied. I was terminated because of a illness. I

2

> was denied by a security to rights to issue a NY State ID License.
> And ect. There were employee who started working on about
> same time I began and their employment lasted longer. I have a
> witness to the allegation. (Amended Complaint at 2-3.)

## DISCUSSION

I. <u>Legal Standard</u>

The same standard applicable to motions to dismiss made pursuant to Rule 12(b)(6) applies to motions for judgment on the pleadings, pursuant to Rule 12(c). See <u>Sheppard v. Beerman</u>, 18 F.3d 147, 150 (2d Cir. 1994). To survive a motion dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). To determine plausibility, courts follow a "two pronged approach." <u>Iqbal</u>, 129 S. Ct. at 1950. "First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009) (internal punctuation omitted). Second, a court determines "whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" <u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010) (quoting <u>Iqbal</u>, 129 S. Ct. at 1950). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Iqbal</u>, 129 S. Ct. at 1949 (citation omitted).

A <u>pro se</u> litigant's submissions are held to "less stringent standards than [those] drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Courts must "liberally construe pleadings and briefs submitted by <u>pro se</u> litigants, reading such submissions 'to raise the strongest arguments they suggest.'" <u>Berlin v. United States</u>, 478 F.3d 489, 491 (2d Cir. 2007)

3

(quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). This guidance applies with particular force when a plaintiff's civil rights are at issue. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Nevertheless, the Court need not accept as true "conclusions of law or unwarranted deductions of fact." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994).

There is no heightened pleading standard with respect to employment discrimination claims. See Twombly, 550 U.S. at 569 (discussing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)). To survive a motion to dismiss, an employment discrimination complaint "must include only a short and plain statement of the claim. . .[that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

II. ADA Claim

Defendants assert that Sneed's ADA claim should be dismissed because she failed to plead any factual allegations regarding her alleged disability and what actions, if any, were taken against her because of her disability. Defendants also contend that Sneed was not allowed to continue in the POP program for cause and attach documentary evidence to their Answer to support that position.

Construing the Amended Complaint liberally, Sneed alleges a violation of Title II of the ADA, which mandates that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In order to state a violation of Title II, a plaintiff must allege that: (1) she is

4

a qualified individual with a disability; and (2) she is being excluded from participation in, or being denied the benefits of some service, program, or activity of a covered entity by reasons of her disability. See Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 85 (2d Cir. 2004); Atkins v. Cnty. of Orange, 251 F.Supp.2d 1225, 1231 (S.D.N.Y. 2003). The second element requires the disabled plaintiff to allege that his mistreatment "was motivated by either discriminatory animus or ill will due to disability." Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 112 (2d Cir. 2001). This animus requirement reflects the purpose of Title II, which is "to eliminate discrimination on the basis of disability and to ensure evenhanded treatment between the disabled and the able-bodied." Doe v. Pfrommer, 148 F.3d 73, 82 (2d Cir.1998).

      Here, Sneed states that she is a disabled person and refers to "Knee Pain/Neck Pain/Lung Problems," but she does not allege that she is a qualified individual under the ADA. See Bobrowsky v. Yonkers Courthouse, 777 F. Supp. 2d 692, 695 (S.D.N.Y. 2011) (dismissing complaint and holding that unspecified "neck pain" is insufficient to allege coverage under the ADA). Even assuming Sneed had alleged that she were qualified, the Amended Complaint contains only conclusory allegations that Defendants denied her participation in, or benefits of, any service, program, or activity because of her disability. Sneed fails to allege that any purported mistreatment was motivated by discriminatory animus or ill will based on her disability. Accordingly, Sneed has not alleged "enough facts to state a claim to relief that is plausible on its face," and her ADA claim must be dismissed. Twombly, 550 U.S. at 570.

CONCLUSION

For the foregoing reasons, the City of New York Department of Parks and Recreation and Human Resources Administration's motion to dismiss the Amended Complaint is granted. The Clerk of the Court is directed to terminate all pending motions and mark this case closed.

Dated: September 30, 2010
       New York, New York

                              SO ORDERED:

                              WILLIAM H. PAULEY III
                                   U.S.D.J.

*Copies mailed to*:

Joy Sneed
170-30
130th Ave., Apt. #3E
Jamaica, NY 11434
*Plaintiff Pro Se*

Gianfranco J. Cuadra, Esq.
Assistant Corporation Counsel, City of New York
100 Church Street
Room 2-300
New York, NY 10007
*Counsel for Defendant*